UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **MINNIE M. KOESTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1144MLM |
| | ) | |
| **TA OPERATING CORPORATION, d/b/a** | ) | |
| **TRAVELCENTERS OF AMERICA and** | ) | |
| **ARAMARK UNIFORM & CAREER** | ) | |
| **APPAREL, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendant Aramark Uniform & Career Apparel, LLC ("ARAMARK"). Doc. 35. Plaintiff Minnie Koester ("Plaintiff") filed a Response. Doc. 42. ARAMARK filed a Reply. Doc. 45. Plaintiff filed a Sur-Reply. Doc. 49. Also pending is the Request for Oral Argument filed by ARAMARK, Doc. 38, and ARAMARK's Motion to Strike Plaintiff's Response to ARAMARK's Motion for Summary Judgment and Response to ARAMARK's Statement of Material Fact and Argument. Doc. 43. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 29.

### ARAMARK'S MOTION TO STRIKE

ARAMARK argues in its Motion to Strike Plaintiff's Response to ARAMARK's Motion for Summary Judgment and Response to ARAMARK's Statement of Fact and Argument that Plaintiff has failed to comply with Fed. R. Civ. P. 56 and Local Rules 4.01(B) and 7-4.01 in that Plaintiff failed to file a memorandum in response to ARAMARK's Motion for Summary Judgment and failed to

provide an legal authority establishing its opposition to ARAMARK's Motion for Summary Judgment.

Indeed, in Response to ARAMARK's Motion for Summary Judgment Plaintiff filed two documents, one titled Response to Motion for Summary Judgment and one titled Response to Motion for Summary Judgment and Argument. Doc. 41, Doc. 42. In each of these documents Plaintiff addresses Defendant's Statement of Material Facts. Despite Plaintiff's including in the title of Document 42 the term "Argument," Plaintiff does no more than address Defendant's Statement of Material Facts and either admit or dispute each fact. Plaintiff did not submit her own statement of material facts and has failed to present a legal argument in support of her position that summary judgment should not be granted.

In a Response to ARAMARK's Motion to Strike Plaintiff states that she does not dispute the legal authority which ARAMARK presented in its Motion for Summary Judgment and that is why no authority was submitted in Plaintiff's Response to the Motion for Summary Judgment. Plaintiff, however, does not suggest why ARAMARK's application of the law to the facts in the matter under consideration is not correct. As noted by ARAMARK, Plaintiff's Response to the Motion for Summary Judgment did not comply with the Local and Federal Rules of Civil Procedure. Nonetheless, court will deny ARAMARK's Motion to Strike as the court has before it authority and facts sufficient to address ARAMARK's Motion for Summary Judgment.[1]

## UNDISPUTED FACTS[2]

ARAMARK is a party to a Service Agreement (the "Agreement") with TA Operating Corporation, d/b/a TravelCenters of America ("TravelCenters"). Under the Agreement ARAMARK

---

[1] Plaintiff's attorney is advised that in the future failure to comply with Local and Federal Rules of Civil Procedure may result in dismissal of a cause of action.

[2] Unless otherwise stated the facts are undisputed.

agreed to supply TravelCenters with floor mats on a weekly basis. The Agreement further provides that ARAMARK "will replace merchandise worn out through normal wear and tear which can no longer be rendered adequately serviceable"; that merchandise is to be "replaced on an 'as needed' basis by a continuous upgrading system, whenever [it] reach[es] an unacceptable level of wear without regard to ... article's length of time in service"; that ARAMARK warrants that all articles to be provided "shall be substantially free of defects in material and workmanship"; that TravelCenters is to individually inspect items in need of repair and utilize ARAMARK's tag system; and that ARAMARK makes no other warranties, express or implied. Agreement, ¶ 11.

Bradley Weissler, District Manager for ARAMARK, stated in an affidavit that ARAMARK's responsibilities with regard to the floor mats are limited to providing them to TravelCenters on a weekly basis and that ARAMARK did not agree to inspect, remove, replace, barricade or warn of any floor mat condition. Def. Ex., ¶ ¶ 3-4. ARAMARK route sales representative Gene Reese testified in a deposition that he replaced mats, inspected the mats, and removed mats and that he was the only ARAMARK employee who performed these functions. Pl. Ex. 1, Reese Dep. at 10-21. ARAMARK contends that Mr. Reese has never returned to TravelCenters between delivery dates. Def. Fact ¶ 11; Reese Aff., ¶ 9. Mr. Reese testified, however, in his deposition that he has gone back to customers between scheduled visits to deliver additional mats and that upon so doing there have been occasions when he has not completed some sort of paper work. Reese Dep. at 41. He also testified that he has delivered mats with upturned edges. Reese Dep. at 37. TravelCenters' Assistant Manager Diana Almond testified in a deposition that it was her responsibility to make sure employees checked the condition of floor mats. Def. Ex. D, Almond Dep. at 27.

On July 7, 2005, Mr. Reese delivered mats to the Foristell TravelCenter and he picked up mats on July 14, 2005. Plaintiff allegedly fell when she tripped over a mat at the Foristell

3

TravelCenter on July 10, 2005. Mr. Reese testified in his deposition both that he was at the Foristell TravelCenter on July 10, 2005, to pick up and replace mats and that he was not at the Foristell TravelCenter on that date. Reese Dep. at 23, 28. In support of its position that Mr. Reese did not return to the Foristell TravelCenter between July 7 and July 14, 2005, ARAMARK references the following deposition testimony given by Mr. Reese:

> Q. Okay, again just to clarify, according to these invoices, you dropped off the mats on July 7th, 2005?
>
> A. Yes.
>
> Q. And you picked them up on July 14th, 2005?
>
> A. Yes.
>
> Q. Did you return between those dates to the TravelCenter?
>
> A. No.
>
> Q. Have you ever returned to the TravelCenters between drop off dates?
>
> A. Yes.
>
> Q. Would there - do you have knowledge that you did not return between these dates, though?
>
> A. Not 100 percent, but no I shouldn't have. I mean, honestly, if I returned, it's not going to be about mats. It's going to be about uniforms.
>
> Q. Has there - have you ever returned between delivery dates for - to TravelCenters regarding mats?
>
> A. Not to my knowledge, no.

Reese Dep. at 58-59.

In her Amended Complaint Plaintiff seeks damages from ARAMARK and TravelCenters for injuries she allegedly received when she fell on July 10, 2005, at the Foristell TravelCenter. In particular Plaintiff alleges that ARAMARK had a duty to "inspect, remove, replace, barricade or warn

4

if any floor mat [which ARAMARK was to provide pursuant to the Agreement] was defective or hazardous so as to protect patrons of TravelCenter, including Plaintiff"; that ARAMARK breached these duties by causing and/or permitting the floor mat to be in a worn, crumpled, up-turned condition and by failing to adequately inspect the floor mat to disc over, remove, replace, barricade or warn of the aforesaid condition, so as to make the use of the floor mat and area secure for patrons of [] TravelCenter, including Plaintiff"; and that as a proximate result of ARAMARK's negligence Plaintiff was injured. Pl. Amend. Compl., Count II at ¶ 3(a)-(b) and ¶ 4.

## STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn.& E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson,

5

477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of ARAMARK's Motion for Summary Judgment.

## APPLICABLE LAW

Traditional tort law focuses on three elements: duty, breach of duty, and damages. L.A.C. v. Ward Parkway Shopping Center Co., 75 S.W.3d 247, 257 (Mo. 2002) (en banc). Thus, "'[i]n any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff.'" Id. (quoting Lopez v. Three Rivers Electric Cooperative, Inc., 26 S.W.3d 151, 155 (Mo. 2000) (en banc)). "Whether a duty exists is purely a question of law." L.A.C. ex rel D.C. v. Ward Parkway Shopping Cen. Co., 75 S.W.3d 247, 257 (Mo. 2002) (en banc).

"Ordinarily, a tort cause of action cannot arise from breach of a contractual duty without privity of contract." Steward v. Baywood Villages Condominium Ass'n, 134 S.W.3d 679, (Mo. Ct. App. 2004)) (citing Westerhold v. Carroll, 419 S.W.2d 73, 80 (Mo.1967)). See also Owens v. Unified Investigations & Sciences, Inc., 166 S.W.3d 89, 92 (Mo. Ct. App. 2005); Kaplan v. U.S. Bank, N.A., 166 S.W.3d 60, 70 (Mo. Ct. App. 2003); Fleischer v. Hellmuth, Obata & Kassabaum, Inc., 870 S.W.2d 832, 834 (Mo. Ct. App.1993). The policy behind this rule is "designed to protect

6

contractual parties from exposure to unlimited liability and to prevent burdening the parties with obligations they have not voluntarily assumed." Owens, 166 S.W.3d at 92 (citing Kaplan, 166 S.W.3d at 70); Westerhold v. Carroll, 419 S.W.2d 73, 77 (Mo.1967)). Courts make exceptions to the rule requiring privity when the rule's application "'is not necessary to protect the contractual parties, or when it would produce results contrary to justice and public policy, our courts make exceptions.'" Id. (quoting Kaplan, 166 S.W.3d at 70). "The liability of a contractual party to those not in privity is determined on a case-by-case basis" based on the "existence and scope of the duty" which the defendant undertook under the contract. Id. (citing Kaplan, 166 S.W.3d at 70).

The court in Owens continued to explain that:

> [W]hen a defendant undertakes to do something that the defendant knew or should have foreseen would harm others or increase the risk of harm to others, the defendant has a duty to exercise care in that undertaking. [Kaplan,]166 S.W.3d at 70, 2003 WL 1204937 at *6. This is a reiteration of the well-recognized exception to the requirement of privity for situations where the negligence involves the safety of others. Id. (citing Wolfmeyer v. Otis Elevator Co., 262 S.W.2d 18, 21 (Mo.1953) and L.A.C., 75 S.W.3d at 262).

Id. at 93.

Factors to consider when determining whether or not a defendant is liable to a third party include "the policy concerns of exposing the defendant to an unlimited, indeterminate or excessive number of potential claimants and depriving parties control over their contracts." Summner Chase Second Addition Subdivision Homeowners Ass'n v. Taylor, 146 S.W.3d 411 (Mo. Ct. App. 2004) (citing Fleischer v. Hellmuth, Obata & Kassabaum, 870 S.W.2d 832, 835 (Mo. Ct. App. 1993). If these factors are not present a court should consider:

> the extent to which the transaction was intended to affect the plaintiff, the forseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.

7

Id. (citing Fleischer, 870 S.W.2d at 835).

It is not necessary that each of the above quoted elements be present in order to establish a duty on the party of a defendant. Miller v. Big River Concrete, LLC, 14 S.W.3d 129 (Mo. Ct. App. 2000). Thus, the court in L.A.C., 75 S.W.3d at 251-263, found that a security contractor who contracted with a mall owed a duty of reasonable care to prevent forseeable harm to mall patrons where the contract expressly provided that the security was for mall patrons. See also Aluma Kraft Manufacturing Company v. Elmer Fox & Company, 493 S.W.2d 378, 383 (Mo. Ct. App.1973), (imposing a duty on a defendant accountant towards the plaintiffs despite a lack of privity because the accountant knew that the audit would be used by the plaintiff for its benefit or that the accountant's client intended to supply the information in the audit to the plaintiffs).

## DISCUSSION

First, the court must decide as a matter of law if ARAMARK had a duty to Plaintiff. See L.A.C., 75 S.W.3d at 257. In the matter under consideration ARAMARK was not in privity with Plaintiff as it had a contractual agreement with TravelCenters. See Steward, 134 S.W.3d at 679; Owens, 166 S.W.3d at 92. As such, ARAMARK did not have a duty to Plaintiff absent the considerations articulated by Missouri courts. See Westerhold, 418 S.W.2d at 77.

In its contract with TravelCenters ARAMARK undertook a duty to provide floor mats for TravelCenters. Upon so doing ARAMARK knew or should have foreseen that harm would come to patrons of TravelCenters and others if the floor mats were "not substantially free of defects and workmanship," if the floor mats were replaced as needed by "normal wear and tear," or if they were not replaced "as needed," as provided by the Agreement. As such, ARAMARK knew or should have known that its providing floor mats pursuant to the Agreement involved the safety of others. See Westerhold, 419 S.W.2d at 77. Considering the policy concern of exposing ARAMARK to potential

8

claims as well as the forseeability of harm to others and the closeness of the alleged connection between ARAMARK's conduct and the alleged injury suffered by Plaintiff and the policy of preventing future harm, the court finds that in the matter under consideration an exception should be made regarding the requirement of privity of contract and that, therefore, ARAMARK may be found liable for to Plaintiff for the injuries she allegedly suffered at the Foristell TravelCenter on July 10, 2005. See Summer Chase, 146 S.W.3d at ; Westerhold, 419 S.W.2d at 77.

Additionally, the court finds that there are genuine issues of material fact. For example, there is a genuine issue of material fact as to whether Mr. Reese returned to the Foristell TravelCenter between delivery dates as he was not one hundred percent sure that he did not return. Indeed, it is undisputed ARAMARK had a duty to deliver mats in good condition. The undisputed facts, however, fail to contradict the allegation of Plaintiff's Amended Complaint that ARAMARK failed to make sure that the mat upon which Plaintiff allegedly tripped and fell was safe for patrons of the Foristell TravelCenter, that ARAMARK failed to adequately inspect the mat upon which Plaintiff allegedly tripped and fell, and that Plaintiff suffered injury as a result of ARAMARK's conduct in this regard. While Mr. Reese made the self serving statement in his deposition that he always makes certain that mats are in good condition and that he has not left a mat which would not lie flat, it remains disputed whether the mat which allegedly caused Plaintiff's injury was delivered in good condition. Thus, there is a genuine issue of material fact as to whether ARAMARK breached its duty to Plaintiff.

## CONCLUSION

For the reasons articulated above, the court finds that ARAMARK's Motion for Summary Judgment should be denied. The court further finds that it is not necessary for the court to conduct a hearing and that ARAMARK's Motion to Strike should be denied.

9

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by ARAMARK is **DENIED**; Doc. 35

**IT IS FURTHER ORDERED** that the Request for Oral Argument filed by ARAMARK is **DENIED**; Doc. 38

**IT IS FURTHER ORDERED** that ARAMARK's Motion to Strike Plaintiff's Response to ARAMARK's Motion for Summary Judgment and Response to ARAMARK's Statement of Material Fact and Argument is **DENIED**. Doc. 44.

**IT IS FURTHER ORDERED** that pursuant to the court's Amended Case Management Order this matter is set for trial the second week of the court's two week trial docket, that is July 14, 2008, and that the parties' Pre Trial Compliance is due June 24, 2008. *The parties are reminded that failure to comply with the Amended Case Management Order may result in the imposition of sanctions.*

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of May, 2008.